UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

        Plaintiff,

v.                           CASE NO.  8:14-CV-1313-T-17AEP

PEDRO ALESSANDRO
BUGONI,

        Defendant.

_____/


ORDER

This cause is before the Court on:


Dkt. 1   Notice of Removal

Defendant Bugoni[1] removed this case pursuant to 28 U.S.C. Sec. 1441 on the basis of federal questions enumerated in Defendant's response to the Citation Defendant received on 1/3/2014 for a violation Florida Statute 316.614(4)(b)(safety belt violation).  Pursuant to Florida Statute 316.640(3)(a) the City of Tampa police department has jurisdiction to enforce the traffic laws of the State of Florida on Tampa's streets and highways and throughout the municipality.  Defendant alleges a controversy based on the following:

1.  Defendant's right to be free from excessive fines, fees or penalties;
2.  Defendant's right to travel;
3.  Defendant's right to due process;
4.  Defendant's right to life;
5.  Defendant's right to liberty;

---

[1]Defendant Bugoni is identified in error as "Pedro Alessandro Bugoni." Defendant Bugoni is "Pietro Alessandro Bugoni."  Defendant Bugoni has filed other cases in the Middle District of Florida.

Case No. 8:14-CV-1313-T-17AEP

    6.  Defendant's equal protection of the law.

    According to the document Defendant provided (Dkt. 2-1), the Citation is for an "infraction."  "Infraction" is defined as a noncriminal violation that may require community service hours under s. 316.027(4), but is not punishable by incarceration and for which there is no right to a trial by jury or a right to court-appointed counsel. Sec. 318.13, <u>Florida</u> <u>Statutes</u>.  Except for criminal violations, a person prosecuted for a violation of Chapter 316, <u>Florida</u> <u>Statutes</u>, is charged with a noncriminal infraction, and must be cited for the infraction.  Sec. 318.14(1), <u>Florida</u> <u>Statutes</u>.  Noncriminal traffic infraction cases are civil actions at law within the jurisdiction of county courts.  <u>Nettleton v. Doughtie</u>, 373 So.2d 667, 668 (Fla. 1979).

    A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally.  28 U.S.C. Sec. 1441.  Federal district courts have original jurisdiction over diversity cases, and matters arising under federal law.  28 U.S.C. Secs. 1331, 1332.  Defendant Bugoni has asserted only federal question jurisdiction.  In determining whether jurisdiction exists under 28 U.S.C. Sec. 1331, the Court must look to the well-pleaded complaint alone.  <u>Louisville and Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908).  Under the "well-pleaded complaint" rule, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.  <u>Kemp v. Int'l Business Machines Corp.</u>, 109 F.3d 708, 712 (11th Cir. 1997).  Because the well-pleaded complaint rule requires a federal question to appear on the face of the plaintiff's complaint, a defense presenting a federal question, even a valid one, cannot create removal jurisdiction.  <u>Id.</u>

    Defendant Bugoni has the burden of proving proper federal jurisdiction. Defendant Bugoni has not met that burden; there is no federal question on the face of the plaintiff's complaint.  The Court therefore remands this case to Hillsborough County

2

Case No. 8:14-CV-1313-T-17AEP

Court, Case No. 292014TR0000A1JEAP14.  Accordingly, it is

   **ORDERED** that this case is remanded to Hillsborough County Court.  Upon remand, the Clerk of Court shall close this case.

   **DONE and ORDERED** in Chambers, in Tampa, Florida on this 12th day of June, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record